Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

Attorneys for Plaintiff,
KAREN VELIE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN VELIE<br><br>        Plaintiff,<br><br>    vs.<br><br>ADAM HILL, COUNTY OF SAN LUIS OBISPO, and DOES 1 through 50<br><br>    Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES AND REQUEST FOR INJUNCTIVE RELIEF; REQUEST FOR JURY TRIAL<br>  (1) Violation of Civil Rights (42 USC Section 1983)<br>  (2) Intentional Interference with Prospective Economic Relations<br>  (3) Intentional Interference with Contractual Relations<br>  (4) Intentional Infliction of Emotional Distress<br>  (5) Negligent Infliction of Emotional Distress<br>  (6) Violation of State Civil Rights |

Plaintiff, KAREN VELIE, hereby files this Complaint against the defendants named and identified below.

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 42 USC Section 1343(3)(4) for violations of 42 USC Section 1983, and supplemental/pendent jurisdiction over related state claims, under 28 USC Section 1367.

2.     Venue is proper in the Central District of California under 28 USC Sections 1391(a) and (b).

## PARTIES

3.     At all relevant times, plaintiff, KAREN VELIE is a resident of the County of San Luis Obispo, California.

4.     Defendant ADAM HILL, is sued individually and in his official capacity as a Supervisor of the County of San Luis Obispo and at all relevant times is a resident of the County of San Luis Obispo. At all times relevant to the acts and omissions alleged herein, Adam Hill was acting within the course and scope of his employment with the County of San Luis Obispo.

5.     The COUNTY OF SAN LUIS OBISPO is a municipal subdivision of the United States, organized and existing under the laws of the State of California.

6.     On April 14, 2016, a timely claim for damages was filed with the County of San Luis Obispo, in substantial compliance with California Government Code, Section 910 et seq.  On April 28, 2016, the plaintiff was notified that the claim had been rejected.

7.     Plaintiff is unaware of the true names and capacities of the doe defendants named herein.  Plaintiff is informed and believes and thereon alleges that these doe defendants are legally responsible and liable for the incidents, injuries and damages, hereinafter set forth and that each of said defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willfull or wanton misconduct hereinafter set forth, including the negligent,  careless,  deliberately  indifferent, intentional,

willful or wanton misconduct in creating and otherwise causing the incidents, conditions and  circumstances hereinafter  set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

8.     Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity. Plaintiff is informed, believes, and therefore alleges that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other  co-defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.     Karen Velie is an investigative news reporter and a majority owner of a local media outlet, Cal Coast News ("CCN"), which investigates and reports on issues in the San Luis Obispo community and surrounding areas.  For the past several years, and up to and including the present, she has been retaliated against by Adam Hill and his co-conspirators, some of whom are employees/principals of the County of San Luis Obispo, for reporting on issues which are matters of public

interest, such as CCN's investigation of CAPSLO's homeless services which was experiencing unexplained financial losses, a Sheriff's Public Relations representative using government resources to help the Sheriff run for office, and other news worthy issues of public interest. This harassment and retaliation began in 2012, and has been ongoing and continuing through 2013, 2014, 2015 and up to the present day. Rather than declining, the retaliation has increased to the point where Ms. Velie has no choice but to seek redress through the courts to protect her family, her business and her reputation.

10.     Ms. Velie was the subject of threats from Supervisor Adam Hill, to stop her investigation of CAPSLO, and told Ms. Velie that he would "go after" CCN and Ms. Velie if they continued their coverage. Supervisor Hill and Sheriff Ian Parkinson began threatening a local radio show host, Dave Congalton, that they would no longer appear on his show unless they stopped having Ms. Velie on as a guest. Supervisor Hill sent an email to David Congleton from his County email address, harassing him for having Ms. Velie on as a guest, claiming she is paid to write hit pieces, that she is dishonest, concocts stories and is mentally ill.

11.     Ms. Velie is and has been frequently denied access to press releases by the County of San Luis Obispo, and specifically by Supervisor Hill, and others, who are directed to do so by their County superiors, including Supervisor Hill. In the event Ms. Velie is provided with press releases, they are sometimes delayed and

released to her after having been released to other media outlets and news organizations. Further, Ms. Velie has been denied interviews and documents by the County of San Luis Obispo, requested by her, but which were provided to other media outlets, news organizations and reporters. These same County officials and departments do not allow their employees to speak to Ms. Velie by phone. This includes the County Administrative Office, the County Office of Human Resources, some individuals at the Board of Supervisors (at the direction of County staff and officials), and the Sheriff's Department. Up until January 2015, when a new district attorney was elected, Ms. Velie was also denied press releases from the District Attorney's Office. Prior misconduct and continuing misconduct by the County of San Luis Obispo and its agents, officers and employees, including Supervisor Adam Hill, has prevented Ms. Velie, a news reporter, from having equal access to press releases and information from the County, its departments and employees, as has been normally and regularly extended and granted to other news reporters and news agencies.

12.     Ms. Velie has been the subject of other forms of retaliation by the defendants, including the targeting of her advertisers, to withdraw their support of CCN, thereby limiting the income of the business and precluding Ms. Velie and CCN from reporting the local news. Ms. Velie herself has been the subject of

threats and intimidation, at the direction of defendants, to dissuade her from engaging in her job of investigative reporting.

13.    Based on information and belief, Supervisor Hill has promoted and participated in a Facebook Page called "Cal Coast Fraud" started and operated by Aaron Ochs, a business associate of Mr. Hill.  Supervisor Hill and other County officials, including DPSS Director Lee Collins, have perpetuated degrading and humiliating remarks about Ms. Velie, in an effort to intimidate and destroy her business, and keep her from reporting on issues involving Supervisor Hill and his associates.  This includes continuous, false claims that she is mentally ill, false claims that she is a convicted felon, false claims that her new stories are not accurate, as well as the posting of lewd statements about Ms. Velie and her family, including her deceased daughter.  Supervisor Hill has also encouraged the posting of Ms. Velie's home address and shared links to websites and Facebook pages which contain derogatory postings about Ms. Velie and which encourage people to go to her home and make threats against her.  This resulted in Ms. Velie having to move several times in fear of her own safety and that of her grandchildren.  In the process, her dog was fatally poisoned and left on her front porch.  Also, a dead cat was placed on her front porch.  Requests to the San Luis Obispo Sheriff's Department for assistance have gone unanswered, as part of the retaliation engaged in by Supervisor Hill and other staff, agents and employees of the County yet to be

identified.  The County Sheriff's Department provided two altered incident reports to Ms. Velie, and then failed to respond to requests for the accurate reports, knowing Ms. Velie planned to use the reports to protect herself and her family.

14.     Threats against CCN advertisers by defendants have caused Ms. Velie to lose several advertising clients.  She relies heavily on advertisers for income and to maintain her business.  Many advertisers told Ms. Velie that Supervisor Hill pressured them to withdraw their support and/or made derogatory statements about Ms. Velie and her business, and their businesses, which caused them to withdraw their support.

15.     The retaliation described herein has been primarily at the direction of Supervisor Adam Hill, who has done so while performing his duties as a supervisor, and through the use of County email and internet, while at his County offices.  There may be others responsible whose identities are unknown at this time.

### FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
(42 USC Section 1983)
(Against all defendants and doe defendants, 1-50)

16.     Plaintiff incorporates by reference herein as though fully set forth, the preceding paragraphs, 1 through 15.

17.     Freedom of the press as guaranteed by the First Amendment is safeguarded by the due process clause of the Fourteenth Amendment against invasions by state

action.  This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to plaintiff through the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

18.     At all relevant times mentioned herein, each of the defendants named in this cause of action, were employees and/or agents of the COUNTY OF SAN LUIS OBISPO, and in doing the things alleged herein, was acting within the course and scope of that employment and/or agency.

19.     At all relevant times, the defendants separately and in concert, acted under color of law, as well as under color of the statutes, ordinances, regulations, policies, practices, customs and usages of the COUNTY OF SAN LUIS OBISPO, and deprived plaintiff of the rights, privileges, and immunities secured to her by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.  At all relevant times, Ms. Velie, a news reporter, has been and continues to be denied equal access to press releases, is denied equal access to County officials and their staff by phone, is not allowed to speak to County officials or staff by phone, and is not given substantive responses to her written requests for information, unlike other news reporters / news agencies, all in violation of her First, Fourth, Fifth and Fourteenth Amendment rights.  Further, she has been the subject of sexual harassment by

Supervisor Adam Hill through his sharing of website links and Facebook postings, which contain lewd and vulgar statements about Ms. Velie and her children, which are false, and all of which are meant to humiliate and degrade her, and keep her from reporting on local issues in the San Luis Obispo County community. This further includes statements to the public by Supervisor Hill that Ms. Velie is mentally ill and incompetent. He has also pressured several of her advertisers to stop doing business with her in an effort to destroy her financially.

20.   The above acts and/or omissions of defendants were undertaken under color of state law by Supervisor Hill in his official and individual capacity, and resulted in the violation of Plaintiff's constitutional rights. Likewise, the customs, practices, policies, and decisions of the defendants, including the County of San Luis Obispo, to deny Ms. Velie equal access and denigrate and degrade her, and to hurt her emotionally and financially, as alleged herein and as applied to this plaintiff, resulted in the violations of plaintiff's constitutional rights as described herein.

21.   At all relevant times, plaintiffs had a liberty interest to be free from governmental callous disregard for Ms. Velie's health and security, and to be accorded procedural and substantive due process of law. Plaintiff has a property interest and liberty interest in maintaining her personal integrity, dignity, reputation and business. All of these rights and privileges are secured by the

provisions of the First Amendment, Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitutions, and by 42 United States Code Section 1983. All of these interests were implicated by the affirmative wrongful conduct of the defendants which legally caused emotional injury and financial hardship to plaintiff.

22.    Defendants acted in concert, acted outside of the scope of their jurisdiction and without legal authorization. Each of these defendants, separately and in concert, acted willfully, intentionally, knowingly and/or with reckless disregard and callous indifference to deprive plaintiff of her rights and privileges, and did in fact violate these rights and privileges.

23.    Each of the defendants' affirmative conduct as described herein, amounted to deliberate indifference, is shocking to the conscience and is in violation of plaintiff's constitutional rights.

24.    As a direct result of the above-described conduct of Defendants, plaintiff has suffered severe emotional pain and suffering.

25.    As a further direct result of these acts, omissions, customs, practices, policies and decisions of each of the Defendants, each of the plaintiff's civil rights have been violated, causing injury and damage as a result. Plaintiff has been forced to incur substantial costs for attorney's fees, investigation expenses, and other expenses in vindication of her constitutional rights.

26.     Plaintiff is entitled to and hereby demands costs, attorneys' fees and expenses in an amount to be determined according to proof at trial pursuant to 42 U.S.C. Section 1988 and 28 U.S.C. Section 2412.

27.     Plaintiff further seeks injunctive relief, to prevent the defendants, including Supervisor Adam Hill and the County of San Luis Obispo, from denying Ms. Velie equal and reasonable access to press releases and information disseminated by the County, just as it provides to other news agencies / reporters, including phone calls, emails and responding to public records requests.  She further seeks injunctive relief, to prevent the defendants, including Supervisor Adam Hill and the County of San Luis Obispo, from threats, intimidation and harassment, as set forth in this complaint.

## SECOND CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (Against all defendants and doe defendants 1-50)

28.     Plaintiff incorporates by reference herein as through fully set forth, the preceding paragraphs, 1 through 27.

29.     Pursuant to Government Code Section 815.2(a), a county is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under Government Code Section 815.2(b), the county is immune from liability if, and only if, the employee is immune.

30.     Plaintiff Karen Velie, who has a majority ownership interest in Cal Coast News, has suffered economic loss in her business and income, due to the conduct of the defendants.  Cal Coast News and Ms. Velie depend on advertisers as her main source of income.  Ms. Velie and Cal Coast News have and have had business relationships with several advertisers, who reported to Ms. Velie they were pressured by Supervisor Adam Hill to withdraw their advertising from Cal Coast News.  This has been ongoing for at least the past two years.  Further, Supervisor Hill has pressured local news / radio programs to cease having Ms. Velie on as a guest, which has prevented Ms. Velie from reaching a larger audience, also a form of name recognition.

31.     Plaintiff and her advertisers and radio contacts, including Café Roma, KVEC, King Ventures, Dan Carpenter, Spencer's Fresh Markets, Sierra Vista Regional Medical Center, and Blakeslee & Blakeslee, were in an economic relationship that would have resulted in an economic benefit to plaintiff, through the form of advertising and exposure in the local community on radio / news broadcasts.  Supervisor Hill knew of these relationships and intentionally disrupted them, by pressuring these advertisers to withdraw their support of Ms. Velie and CCN, by direct intimidation and by making statements to them that Ms. Velie is mentally ill, makes false news reports, and by denigrating her reputation and the reputations of the businesses, and threatening harm to the advertiser's businesses.

32.    Through the conduct of Supervisor Hill, these economic relationships were disrupted, harming Ms. Velie financially.  His wrongful conduct was a substantial factor in causing plaintiff's harm.

33.    Defendant County of San Luis Obispo is vicariously responsible for the conduct of Supervisor Hill, and Doe defendants 1-50, under California Government Code Section 815.2, and other applicable statutory and case law. Supervisor Hill is an agent, and employee of the County, and was acting within the course and scope of his employment.

THIRD CAUSE OF ACTION

INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

(Against all defendants and doe defendants 1-50)

34.    Plaintiff incorporates by reference herein as through fully set forth, the preceding paragraphs, 1 through 33.

35.    Pursuant to Government Code Section 815.2(a), a county is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under Government Code Section 815.2(b), the county is immune from liability if, and only if, the employee is immune.

36.    Plaintiff Karen Velie, who has a majority ownership interest in Cal Coast News, has suffered economic loss in her business and income, due to the conduct of the defendants.  Cal Coast News and Ms. Velie depend on advertisers as her

main source of income.  Ms. Velie and Cal Coast News have and have had contracts with several advertisers, including Dan Carpenter, Café Roma, Blakeslee & Blakeslee and King Ventures, who reported to Ms. Velie they were pressured by Supervisor Adam Hill to withdraw their advertising from Cal Coast News.  This has been ongoing for at least the past two years.  Further, Supervisor Hill has pressured local news / radio programs to cease having Ms. Velie on as a guest, which has prevented Ms. Velie from reaching a larger audience, also a form of name recognition.

37.    Supervisor Hill knew of these contractual relationships and intentionally disrupted them, by pressuring plaintiff's advertisers to cancel their contracts and support of Ms. Velie and CCN through direct intimidation, and by making statements to them that Ms. Velie is mentally ill, makes false news reports, and by denigrating her reputation and the reputations of the businesses and their staff/owners.

38.    Through the conduct of Supervisor Hill, these contractual relationships were disrupted, harming Ms. Velie financially.  His wrongful conduct was a substantial factor in causing plaintiff's harm.

39.    Defendant County of San Luis Obispo is vicariously responsible for the conduct of Supervisor Hill, and Doe defendants 1-50, under California Government Code Section 815.2, and other applicable statutory and case law.

Supervisor Hill is an agent, and employee of the County, and was acting within the course and scope of his employment.

## FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against all defendants and doe defendants 1-50)

40.     Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Pursuant to Government Code Section 815.2(a), a county is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under Government Code Section 815.2(b), the county is immune from liability if, and only if, the employee is immune.

42.     That at all times mentioned herein, defendants, and each of them, knew that Supervisor Hill, and other County officials, agents and employees, were retaliating against Ms. Velie as set forth herein, including preventing her from having equal access of the press, making false statements about her mental health and reputation, and making false and denigrating statements about her and her family.

43.     Plaintiff is informed and believes and thereupon alleges that the acts and/or conduct of defendants, and each of them, was in reckless disregard of the probability of causing physical harm and/or emotional distress and or injuries to plaintiff, her reputation and her ability to report the news in the local community.

44.     Plaintiff is informed and believe and thereupon allege that the acts and/or conduct of defendants, and each of them, caused plaintiff to suffer emotional distress.

45.     The extreme and outrageous conduct of defendants and each of them, as described above, was a proximate and actual cause of the emotional distress suffered by plaintiff.

46.     That the above-mentioned conduct of defendants, (excluding COUNTY OF SAN LUIS OBISPO) was performed intentionally by defendants and with a conscious and reckless disregard of the probability of causing physical injuries and severe emotional distress to plaintiff and said conduct constitutes oppression, fraud or malice under Civil Code Section 3294, thereby entitling plaintiff to punitive damages in an amount appropriate to punish and/or make an example of said defendants.

47.     Defendant County of San Luis Obispo is vicariously responsible for the conduct of Supervisor Hill, and Doe defendants 1-50, under California Government Code Section 815.2, and other applicable statutory and case law. Supervisor Hill is an agent, and employee of the County, and was acting within the course and scope of his employment.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against all defendants and doe defendants 1-50)

48.    Plaintiff incorporates by reference as through fully set forth herein, preceding paragraphs 1 through 47.

49.    Pursuant to Government Code Section 815.2(a), a county is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under Government Code Section 815.2(b), the county is immune from liability if, and only if, the employee is immune.

50.    That at all times mentioned herein, defendants, and each of them, knew that Supervisor Hill, and other County officials, agents and employees, were retaliating against Ms. Velie as set forth herein, including preventing her from having equal access of the press, making false statements about her mental health and reputation, and making false and denigrating statements about her and her family.

51.    Plaintiff is informed and believes and thereupon allege that defendants and each of them, violated their duties of care to plaintiff and knew or, in the exercise of reasonable care, should have known, that their actions subjected the plaintiff to emotional distress and financial hardship.

52.    Plaintiff is informed and believes and thereupon alleges that as a direct and proximate result of defendants' conduct and breach of their duties to plaintiff as set forth above, among others, plaintiff suffered emotional distress and financial hardship.

53.     Plaintiff is informed and believes and thereupon alleges that the acts and/or conduct of defendants were performed in reckless disregard of the probability of causing physical and or emotional distress and/or injuries to plaintiff.

54.     Defendant County of San Luis Obispo is vicariously responsible for the conduct of Supervisor Hill, and Doe defendants 1-50, under California Government Code Section 815.2, and other applicable statutory and case law. Supervisor Hill is an agent, and employee of the County, and was acting within the course and scope of his employment.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF STATE CIVIL RIGHTS
### (against all Defendants and doe defendants 1-50)

55.     Plaintiff incorporates by reference as through fully set forth herein, preceding paragraphs 1 through 54.

56.     Pursuant to Government Code Section 815.2(a), a county is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under Government Code Section 815.2(b), the county is immune from liability if, and only if, the employee is immune.

57.     Defendants, and each of them, by the use of threats, intimidation and harassment, have interfered with plaintiff's equal access to the press, and her exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the constitution and laws of the State of California and their rights under California Civil Code Section 52.1.

58.     At all relevant times, Ms. Velie, a news reporter, has been and continues to be denied equal access to some press releases, is not allowed to speak to many County officials or staff by phone, and is not given responses to her written requests for information, all in violation of Civil Code Section 52.1.  She has been the subject of harassment by Supervisor Adam Hill through his emails and postings on Facebook pages and other websites, which include lewd and vulgar statements about Ms. Velie which are false, and all of which are meant to humiliate and degrade her, and keep her from reporting on local issues in the San Luis Obispo County community.  This further includes statements to the public by Supervisor Hill that Ms. Velie is mentally ill and incompetent.  He has also pressured several of her advertisers to stop doing business with her in an effort to destroy her financially.

59.     As the direct and proximate result of the defendants' actions, Plaintiff has suffered emotional distress and financial harm.

60.     The rights violated by defendants, and does 1-50, are protected by California Civil Code, Section 52.1.  Pursuant to California Civil Code Section 52, plaintiff is entitled to compensatory and punitive damages, injunctive relief, a statutory civil penalty (including $25,000 as to each individual defendant) and attorneys' fees, as provided for by the laws and the Constitution of the State of California and are requested herein.

61.     Defendant County of San Luis Obispo is vicariously responsible for the conduct of Supervisor Hill, and Doe defendants 1-50, under California Government Code Section 815.2, and other applicable statutory and case law. Supervisor Hill is an agent, and employee of the County, and was acting within the course and scope of his employment.

62.     In doing the acts alleged herein, Defendants and Does 1-50, and each them, knew or should have known that their actions would or were likely to, injure and damage plaintiff.  Plaintiff is informed and believes and thereon alleges that defendants, and does 1-50, intended to cause injury and damage to plaintiff, and/or acted with a willful and conscious disregard of plaintiff's rights, thus entitled plaintiff to recover punitive damages as against defendants (except for COUNTY OF SAN LUIS OBISPO), pursuant to California Civil Code Section 52.

## PRAYER FOR DAMAGES

WHEREFORE, plaintiff prays for judgment against defendants as to all causes of action, as follows:

1.  Plaintiff demands a jury trial as to the issues so triable.

2.  General and special damages according to proof.

3.  As against the individual defendants only, and not any municipality, punitive damages as allowed by law;

4.  Attorneys' fees pursuant to 42 USC Section 1988 and California Civil Code, Section 52, and all other appropriate statutes;

5.  Injunctive relief, as authorized by 42 USC Section 1983 and allowed by law;

6.  Costs of suit incurred herein;

7.  Such further relief as the Court deems just and proper.


DATED:  October 20, 2016                    MONROY, AVERBUCK & GYSLER

                                            _____
                                            JON F. MONROY
                                            JENNIFER E. GYSLER
                                            Attorneys for Plaintiff
                                            KAREN VELIE